FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 01, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHEILA K. WATERBURY HADLEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY J. HADLEY;<br>EOWEN ROSENTRATER;<br>JANELLE CARMEN; and<br>HON. JOHN LOHRMANN,<br><br>　　　　　　　Defendants. | No.　4:18-CV-05129-EFS<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**Clerk's Office Action Required** |

Before the Court is Plaintiff Sheila Waterbury Hadley's First Amended Complaint.[1] Plaintiff asserts: (1) Walla Walla Superior Court Judge John Lohrmann unconstitutionally failed to read Plaintiff's submissions to his court; (2) the contempt proceedings in the superior court are unconstitutional; (3) this Court should invalidate the proceedings between Plaintiff and Timothy Hadley;[2] (4) Timothy Hadley failed to pay spousal support; (5) Janelle Carman committed malpractice as

---

[1] ECF No. 19. The Court granted Plaintiff the opportunity to amend her original complaint, and set a deadline of September 14, 2018. ECF No. 15. Plaintiff filed a Second Amended Complaint, ECF No. 21, but it was submitted on September 20, 2018. Plaintiff's Second Amended Complaint is therefore untimely.

[2] Plaintiff and Timothy Hadley share the same last name, so the Court refers to Defendant using his first and last name throughout this Order.

ORDER - 1

Plaintiff's attorney; and (6) Eowen Rosentrater committed malpractice as Timothy Hadley's attorney.[3] For the reasons explained in this Order, the Court dismisses Plaintiff's complaint in part for lack of subject matter jurisdiction, and dismisses in other part under the *Younger* abstention doctrine, all without prejudice.

## I. BACKGROUND

This case results from proceedings related to the dissolution of marriage between Plaintiff Sheila Karen Waterbury Hadley and her ex-husband, Timothy Hadley.[4] Plaintiff was represented by counsel, Janelle Carmen.[5] Timothy Hadley was also represented by counsel, Eowen Rosentrater.[6] In 2016, Plaintiff and Timothy Hadley mediated the dissolution and entered an agreement.[7] The agreement included an arbitration provision for disputes.[8] The Walla Walla Superior Court entered a judgment of dissolution.[9] Plaintiff and Timothy Hadley now dispute how the dissolution agreement dealt with payment of federal income taxes.[10] Timothy Hadley attempted to arbitrate, but Plaintiff refused.[11]

Plaintiff filed suit against Timothy Hadley, the Walla Walla Superior Court, Eowen Rosentrater, Janelle Carman, and Michael Mitchell[12] on August 3, 2018, the same day that Timothy Hadley filed a "Respondent's Third Motion for Contempt

---

[3] *See* ECF No. 19.
[4] ECF No. 22.
[5] ECF No. 19.
[6] *Id.*
[7] ECF No. 22.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Plaintiff's original complaint states that Michael Mitchell was an "attorney and arbitrator." ECF No. 1 at 3.

ORDER - 2

Hearing" in the Walla Walla Superior Court.[13] The Motion requested a contempt hearing, and Timothy Hadley appears to have checked a box on the Motion asking that Plaintiff be sent to jail if the superior court found her in contempt.[14] In Plaintiff's Complaint, Plaintiff alleged that federal taxes were unconstitutionally and "fraudulently attributed to [her] in mediation," and that the Walla Walla Superior Court contempt proceedings are unconstitutional.[15] In particular, she took issue with the contempt forms used by the superior court that contain the "check the box, go to jail" provision.[16] Plaintiff also asserted that Timothy Hadley, Ms. Rosentrater, Ms. Carman, and Mr. Mitchell participated in fraudulently attributing taxes to Plaintiff in violation of the U.S. Constitution.[17]

On August 27, 2018, the day of Plaintiff's contempt proceedings, Plaintiff filed her "Emergency Motion for Removal of Case No. 16-3-00024-4 from State court of Washington, County of Walla Walla,"[18] asking this Court to remove the underlying state court proceedings from the superior court to this Court, and to declare the superior court's rulings void.[19] At the contempt proceedings that day, Plaintiff argued that the superior court should require Timothy Hadley to pay taxes through different funds.[20] Timothy Hadley argued that Plaintiff was in contempt of the

---

[13] ECF No. 1.
[14] *See* ECF Nos. 1 & 22.
[15] *See* ECF No. 1.
[16] *See Id.*
[17] *See Id.*
[18] ECF No. 8.
[19] *See* ECF Nos. 1 and 8.
[20] ECF No. 22.

dissolution agreement.[21] Walla Walla Superior Court Judge John W. Lohrmann did not send Plaintiff to jail, but found her in contempt and ordered her to pay $100.[22]

On September 5, 2018, this Court issued its "Order to Amend Complaint and Dismiss Plaintiff's Emergency Motion for Removal of Case No. 16-3-00024-4 from State Court of Washington, County of Walla Walla," allowing Plaintiff to amend her Complaint and dismissing her motion for removal.[23] On September 14, 2018, Plaintiff filed her First Amended Complaint, dropping the Walla Walla Superior Court as a defendant and adding Judge Lohrmann.[24] She also filed a Motion for Appointment of Pro Bono Counsel.[25] In her First Amended Complaint, Plaintiff asserts: (1) Judge Lohrman failed to read her submissions to his court, in violation of the Due Process clause; (2) the contempt proceedings in Walla Walla Superior Court are unconstitutional; (3) the Court should void the superior court proceedings between Plaintiff and Timothy Hadley; (4) Timothy Hadley failed to pay spousal support; (5) Ms. Carman committed legal malpractice; and (6) Ms. Rosentrater committed legal malpractice.[26]

On September 17, 2018 Plaintiff filed a Motion to Dismiss Complaint as to Defendant Michael Mitchell.[27] On September 20, 2018, Plaintiff filed a Second Amended Complaint.[28] On September 24, 2018, Judge Lohrmann filed a Motion to

---

[21] *Id.*
[22] *Id.*
[23] ECF No. 15.
[24] ECF No. 19.
[25] ECF No. 18.
[26] ECF No. 19.
[27] ECF No. 20.
[28] ECF No. 21.

ORDER - 4

Dismiss.[29] On October 3, 2018, Ms. Carman filed a Joinder in Defendant Lohrmann's Motion to Dismiss.[30] On October 15, 2015, the Court denied Plaintiff's Motion for Appointment of Pro Bono Counsel.[31] On October 16, 2018, the Court dismissed Mr. Mitchell.[32] On October 26, 2018, Ms. Rosentrater filed a Motion for Dismissal Pursuant to CR 12(b)(1) and 12(b)(6).[33]

## I. ANALYSIS

The Court dismisses Plaintiff's first Amended Complaint. Plaintiff's claim that Judge Lohrmann violated her Constitutional rights by failing to read her submissions to his court is barred by judicial immunity and the Eleventh Amendment. Her claim also must be dismissed against Judge Lohrmann because Plaintiff has not shown she has standing. Plaintiff has standing to assert that the Walla Walla Superior Court contempt proceedings are unconstitutional, however, the Court must abstain from reaching the merits of Plaintiff's claim under the *Younger* abstention doctrine. Plaintiff's claims against Timothy Hadley must also be dismissed pursuant to the *Rooker-Feldman* doctrine and for lack of subject matter jurisdiction. Finally, the Court has no subject matter jurisdiction over Plaintiff's malpractice claims against Ms. Carman and Ms. Rosentrater.

---

[29] ECF No. 22.
[30] ECF No. 23.
[31] ECF No. 25.
[32] ECF No. 26.
[33] ECF Nos. 27 & 28.

ORDER - 5

**A. Plaintiff's claim against Judge Lohrmann is dismissed pursuant to judicial immunity, the Eleventh Amendment, and lack of standing.**

Plaintiff requests declaratory and injunctive relief against Judge Lohrmann in his official capacity, pursuant to 42 U.S.C. § 1983.[34] This Court construes the First Amended Complaint liberally because Plaintiff is pro se.[35] Plaintiff asks us to admonish Judge Lohrmann, direct him to read all submissions to his court, and declare that his failure to read Plaintiff's submissions violated Plaintiff's Due Process rights.[36] Judge Lohrmann asserts that he is protected by judicial immunity and the Eleventh Amendment.[37]

Plaintiff's request for injunctive relief is barred by judicial immunity. The Eleventh Amendment also bars Plaintiff's request for retrospective declaratory relief. Ultimately, to the extent Plaintiff's Complaint can be construed as requesting prospective declaratory relief, her claim against Judge Lohrmann must be dismissed because Plaintiff has not shown that she has standing.

    1.   <u>Plaintiff's request for injunctive relief is barred by judicial immunity.</u>

Judicial immunity bars Plaintiff's request for injunctive relief against Judge Lohrmann. In 1996, Congress amended 42 U.S.C. § 1983, extending the protections of judicial immunity.[38] Section 1983 as amended states: "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission

---

[34] Judge Lohrmann asserts that he is judicially immune from Plaintiff's request for monetary damages. ECF No. 22. However, this Court does not read Plaintiff's complaint as requesting monetary damages against Judge Lohrmann.
[35] *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).
[36] *See* ECF No. 19.
[37] ECF No. 22.
[38] Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996) (codified at 42 U.S.C. § 1983).

ORDER - 6

taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." This amendment was intended to overrule the Supreme Court's decision in *Pulliam v. Allen*, holding that judicial immunity is not a bar to demands for injunctive or declaratory relief against state judges.[39] Section 1983, as amended, therefore provides judicial officers immunity from injunctive relief.[40] However, the limits in 42 U.S.C. § 1983 do not appear to alter the availability of declaratory relief.[41] Plaintiff requests that this court order Judge Lohrman to read all future submissions to his court,[42] which the Court construes as a request for injunctive relief. Section 1983 therefore bars Plaintiff's request for injunctive relief, but not her request for declaratory relief.

   2. Plaintiff's request for retrospective declaratory relief is barred by the Eleventh Amendment.

Plaintiff's Complaint also seeks declaratory relief against Judge Lohrmann, which is permissible in some circumstances under the Eleventh Amendment. The Eleventh Amendment generally bars federal courts from entertaining suits brought by private parties against a state or its instrumentality in the absence of state consent.[43] Washington's sovereign immunity extends to its superior courts as they

---

[39] *See Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). *See also Pulliam v. Allen*, 466 U.S. 522, 541–43 (1984).
[40] *Moore*, 899 F.3d at 1104.
[41] *Eugster v. Washington State Bar Ass'n.*, No. CV 09-357-SMM, 2010 WL 2926237, at *10 (E.D. Wash. July 23, 2010), aff'd sub nom. *Eugster v. Washington State Bar Ass'n*, 474 F. App'x 624 (9th Cir. 2012) (citing *Brandon E. ex rel Listenbee v. Reynolds*, 201 F.3d 194, 197–198 (3rd Cir. 2000)).
[42] ECF No. 19.
[43] *See Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

ORDER - 7

are arms of the State.[44] Judge Lohrman is a State agent because he is a superior court judge.[45] However, the Eleventh Amendment does not bar actions seeking only *prospective* declaratory relief against state officers in their official capacities.[46] Plaintiff requests that this Court declare that Judge Lohrmann's failure to read every submissions to his court violates the Due Process clause,[47] which this Court construes as a request for declaratory relief.

Nevertheless, Plaintiff requests declaratory relief that focuses on past alleged Constitutional violations—i.e., a retrospective claim for relief—and the Eleventh Amendment bars retrospective declaratory relief against state officers. Relief to bring an end to an ongoing violation is not barred by the Eleventh Amendment.[48] On the other hand, "declaratory relief against a state official may not be premised on a wholly past violation of federal law."[49] Such retrospective relief "would not serve the federal interest in assuring future compliance with federal law, and would only be useful as a basis for a damage award in a subsequent proceeding."[50] Plaintiff's First Amended Complaint focuses primarily on submissions that she previously submitted to Judge Lohrman.[51] Plaintiff gives no indication that this alleged Constitutional

---

[44] *Greater Los Angeles Council on Deafness, Inc. v. Solin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (concluding that suit against a California superior court is a suit against the State, barred by the Eleventh Amendment, superseded by statute on other grounds).
[45] *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) (concluding that superior court judges are state agents).
[46] *Los Angeles Cty. Bar Ass'n*, 979 F.2d at 704. *See also Andrews v. Hens-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016).
[47] ECF No. 19.
[48] *Los Angeles Cty. Bar Ass'n*, 979 F.2d at 704.
[49] *Id.*
[50] *Id.*
[51] ECF No. 19.

ORDER - 8

violation is ongoing. The Court therefore reads Plaintiff's Complaint as a request for retrospective relief, which is barred by the Eleventh Amendment.

    3. <u>Plaintiff's request for prospective declaratory relief is dismissed because Plaintiff has not shown she has standing.</u>

Further, to the extent that Plaintiff's Complaint can be construed as requesting *prospective* declaratory relief, which is permissible under the Eleventh Amendment, Plaintiff lacks standing to assert the claim against Judge Lohrmann.[52] A plaintiff has the burden to establish that it has standing.[53] Standing pertains to a federal court's subject matter jurisdiction.[54] Courts consider standing under an Article III analysis to determine "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [the plaintiff's] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [the plaintiff's] behalf."[55] Plaintiff must show: (1) injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.[56] Courts accept as true all material allegations of the complaint, and construe the complaint in favor of the complaining party.[57]

---

[52] Judge Lohrmann did not raise the issue of standing, but "the Court raises it sua sponte, as the law requires." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).
[53] *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154 (9th Cir. 2015) (citing *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008)); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).
[54] *Chandler*, 598 F.3d at 1122.
[55] *Id.*
[56] *Novak v. United States*, 795 F.3d 1012, 1017–18 (9th Cir. 2015) (citation omitted).
[57] *Id.*

For the same reasons that Plaintiff's claim should be dismissed under the Eleventh Amendment, Plaintiff has failed to show she suffers "injury in fact." An injury in fact is an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[58] When a plaintiff requests prospective declaratory relief, that plaintiff must show that a future injury to her is "certainly impending" or that there is a "substantial risk that harm will occur."[59] As stated, Plaintiff's First Amended Complaint focuses on her previous submissions to Judge Lohrmann.[60] Plaintiff has not stated that she intends to file anything else in Judge Lohrmann's court and therefore has not shown that future injury to Plaintiff is certainly impending or that she is at substantial risk of harm.

Plaintiff has also not shown that a favorable ruling from this Court would redress the injuries she alleges.[61] The requested declaratory relief—declaring failure to read submissions unconstitutional and ordering Judge Lohrmann to read all *future* submissions[62]—would not redress any retrospective harm Plaintiff has allegedly suffered.

---

[58] *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010).
[59] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 134 (2014) (citing *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 414 n. 5 (2013)).
[60] *See* ECF No. 19.
[61] *Novak*, 795 F.3d at 1017–18.
[62] *See* ECF No. 19.

ORDER - 10

**B.  Plaintiff has demonstrated standing to assert that the superior court contempt proceedings were unconstitutional, yet the claim is dismissed pursuant to the *Younger* abstention doctrine.**

The Court allowed Plaintiff to amend her original Complaint to show that Plaintiff has standing to assert that the superior court contempt proceedings are unconstitutional.[63] A court may order a plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.[64] If after this opportunity a plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.[65]

The record indicates that Plaintiff has not paid her contempt fine, which gives Plaintiff standing to assert that the contempt proceedings of the Walla Walla Superior Court are unconstitutional under *Juidice v. Vail*. In *Juidice*, the Supreme Court held that once an individual is held in contempt and pays the court imposed fine, that individual no longer has standing to challenge the contempt proceedings.[66] However, two plaintiffs in *Juidice* had standing to challenge their contempt proceedings because they alleged they were "in imminent danger of being imprisoned pursuant to the Order of Contempt."[67] Superior Court Judge John Lohrmann states in his Motion to Dismiss that he held Plaintiff in contempt of court and ordered her to pay a $100 fine.[68] Plaintiff does not state whether or not she paid her fine, but

---

[63] ECF No. 15.
[64] *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).
[65] *Table Bluff Reservation v. Philip Morris, Inc.*, 256 F.3d 879, 882 (9th Cir. 2001).
[66] *See Juidice v. Vail*, 430 U.S. 327, 329–333 (1997). *See also* ECF No. 15 at 3.
[67] *Id.*
[68] ECF No. 22.

ORDER - 11

states she is "in constant fear" that she will return to prison.[69] Ms. Rosentrater's Motion to Dismiss contends that Plaintiff has not paid her fine.[70] In deciding a motion to dismiss for lack of standing, the court may look beyond the pleadings to affidavits and other testimony in order to resolve factual issues related to jurisdiction.[71] The Court determines that Plaintiff has standing because it appears that she has not paid her court imposed fine.

However, for the reasons explained in the Court's Order to Dismiss or Amend, the Court must abstain from determining the constitutionality of the Walla Walla Contempt proceedings under the *Younger* abstention doctrine, and dismisses the claim on that ground.[72]

## C. Plaintiff's claims against Timothy Hadley are dismissed pursuant to the *Rooker-Feldman* doctrine and for lack of subject matter jurisdiction.

Plaintiff asserts two claims against Timothy Hadley: (1) that the decision between Plaintiff and Timothy Hadley is erroneous and should be voided by this Court; (2) Timothy Hadley is delinquent on his spousal support payments.[73]

---

[69] ECF No. 19.
[70] ECF No. 28.
[71] *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1135 (W.D. Wash. 2013) (citing *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988)). *See also Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) ("A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of the claim that would entitle it to relief.").
[72] *See* ECF No. 15 at 4–7 (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971).
[73] *See* ECF No. 19.

ORDER - 12

The Court does not have subject matter jurisdiction to appeal a state court decision under the *Rooker-Feldman* doctrine.[74] When issues presented in a federal suit are "inextricably intertwined" with the issues in a de facto appeal from a state court decision, *Rooker-Feldman* dictates that those intertwined issues "may not be litigated" in federal court.[75] In essence, the doctrine prevents litigants who are unhappy with the results obtained in state court from coming to federal court hoping for a better outcome. Plaintiff seeks a de facto appeal of the state court decision, which is prohibited under *Rooker-Feldman*.

Plaintiff has not demonstrated that this Court has subject matter jurisdiction over Plaintiff's claim that Timothy Hadley failed to pay spousal support payments. Federal courts are courts of limited jurisdiction, and there is no presumption that they have subject matter jurisdiction to adjudicate a particular case.[76] Indeed, the burden of showing subject matter jurisdiction lies with Plaintiff. The party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it.[77] Federal courts historically have no subject matter jurisdiction over divorce and related matters in the field of domestic relations.[78] Further, Plaintiff has not alleged

---

[74] *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).
[75] *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004).
[76] *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (explaining what a Plaintiff needs to show to invoke a federal court's jurisdiction).
[77] *See Id.*
[78] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1991). *See* Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction § 3609.

ORDER - 13

1  that this Court has diversity jurisdiction under 28 U.S.C. § 1331.[79] Plaintiff has
2  therefore not provided any basis for the Court's subject matter jurisdiction over her
3  claims against Timothy Hadley.

**D. Plaintiff's claim against Janelle Carman is dismissed for lack of standing.**

Similarly, Plaintiff has not established that the Court has subject matter jurisdiction over the state-law legal malpractice claim against her former attorney, Ms. Carman.[80] The Court therefore dismisses Plaintiff's malpractice claim against Ms. Carman for lack of subject matter jurisdiction.

Ms. Carman filed a "Joinder" in Defendant Lohrman's Motion to Dismiss, which the Court construes as a motion to join, and denies the motion.[81] Federal Rule of Civil Procedure 20 states that a defendant *may* be joined in one action with another defendant if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or common fact to all defendants will arise in the action. Judge Lohrmann's motion to dismiss does not address the malpractice claims asserted against Ms. Carman. Therefore, the Court denies Ms. Carman's construed motion.

---

[79] In any event, Plaintiff has not asserted the requisite amount in controversy under Section 1331. ECF No. 19 (asserting Timothy Hadley is "guilty of failure to pay spousal maintenance and order him to pay the sum of $4,500 plus all costs of these proceedings.").

[80] *E.g., Aragon v. Federated Dep't Stores, Inc.*, 750 F.2d 1447, 1458 (9th Cir. 1985) ("Without a federal claim upon which to append the related state cause of action, the federal court has no basis for asserting jurisdiction over Aragon's malpractice claim.").

[81] ECF No. 23.

### E. Plaintiff's claim against Eowen Rosentrater is dismissed for lack of standing.

For the reasons that the Court dismisses Plaintiff's claim against Ms. Carmen, the Court dismisses Plaintiff's malpractice claim against Ms. Rosentrater, Timothy Hadley's former attorney.

## II. CONCLUSION

The Court dismisses Plaintiff's Complaint in part for lack of subject matter jurisdiction, and dismisses in other part pursuant to the *Younger* abstention doctrine,[82] all without prejudice.[83]

Accordingly, **IT IS HEREBY ORDERED**:

1. **Plaintiff's** First Amended Complaint, **ECF No. 19**, is **DISMISSED without prejudice** for lack of subject matter jurisdiction in part, and on *Younger* abstention grounds in other part.

2. **Judge John Lohrmann's** Motion to Dismiss, **ECF No. 22,** is **GRANTED.**

3. **Eowen Rosentrater's** Motion for Dismissal Pursuant to CR 12(b)(1) and 12(b)(6), **ECF No. 27,** is **GRANTED.**

---

[82] *Jenkins v. Davidon*, 956 F.2d 274 (9th Cir. 1992) ("We have held, however, that Younger abstention does not implicate subject matter jurisdiction.").

[83] The Court determines that dismissal without prejudice is appropriate in this case. *See Sanai v. Alexander*, 283 F. App'x 551, 552 (9th Cir. 2008) ("Because we affirm based on the Younger abstention doctrine . . . . [w]e vacate the district court's judgment and remand with instructions to dismiss the action without prejudice."); *Zimmermann v. Gregoire*, 18 F. App'x 599, 601 (9th Cir. 2001) ("With respect to the plaintiffs involved in pending state court proceedings, we conclude that the district court properly dismissed their claims with prejudice pursuant to the Younger abstention doctrine."). *See also Eldakroury v. Attorney Gen. of New Jersey*, 601 F. App'x 156, 157–58 (3d Cir. 2015) (concluding that dismissal without prejudice is appropriate where the state courts have already considered "the exact same constitutional claims" made by a plaintiff in federal court, but dismissal without prejudice is appropriate where the federal claims have not been resolved).

4. **Defendant Janelle Carman's** construed motion to join, **ECF No. 22,** Joinder in Defendant Lohrmann Motion to Dismiss, is **DENIED**.

5. The case shall be **CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Plaintiff.

**DATED** this __1st__ day of November 2018.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2018\18-CV-05129.Hadley. Abstaining and Dismissing.lc02.docx

ORDER - 16